In the Matter of LAWRENCE R. SYKES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 8, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Donald E. Humphrey* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the Appellate Division, Third Department, on July 8, 1975.

In this proceeding the Special Referee sustained six charges of professional misconduct which alleged, *inter alia,* that the respondent converted escrow funds to his own use, failed to maintain a duly constituted escrow account, commingled escrow funds with personal and business funds and otherwise engaged in conduct adversely reflecting on his fitness to practice law.

The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the circumstances advanced by the respondent at the hearing of this matter. Nevertheless, the respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Lawrence R. Sykes, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Lawrence R. Sykes is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law

before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.