In the Matter of LAWRENCE R. SYKES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 2, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Donald E. Humphrey* for respondent.

### OPINION OF THE COURT

Per Curiam.

By order of this court dated January 22, 1988, the issues

were referred to Honorable Morrie Slifkin, a retired Justice of the Supreme Court, as Special Referee, to hear and report. The Special Referee sustained six charges of professional misconduct which alleged, *inter alia,* that the respondent converted escrow funds to his own use, failed to maintain a duly constituted escrow account, commingled escrow funds with personal and business funds and otherwise engaged in conduct adversely reflecting on his fitness to practice law. The petitioner moved to confirm the report of the Special Referee and the respondent cross-moved to disaffirm said report. This court confirmed the report of the Special Referee and disbarred the respondent by opinion and order dated May 8, 1989 (147 AD2d 13).

The respondent now moves for reargument, admitting that he, as a partner in a law firm, had responsibility for the firm's escrow account but arguing that his law partner was primarily responsible for the management of the escrow account and that the partner retained physical control of all of the records pertaining to that account.

After reexamining all of the evidence in light of the evidence presented in the disciplinary proceeding involving the respondent's partner *(see, Matter of Thomas,* 150 AD2d 123 [decided herewith]), it is now apparent that the partner was responsible for the shortages in the escrow account. Additionally, the evidence shows that during the period in which there were insufficient funds in the escrow account, the respondent did not use that account except for properly issuing one check.

The respondent's motion for reargument is granted. Upon reargument, we are convinced that the respondent is innocent of the charges except to the extent that he assumed or should have assumed some responsibility for his partner's conduct of their law practice and care of the escrow account. The report of the Special Referee should be disaffirmed to the extent that it sustained charges of conversion and misappropriation of clients' funds.

In determining an appropriate measure of discipline, we have taken into consideration the fact that the respondent's partner was directly responsible for any shortage in the escrow account. Accordingly, the respondent is censured for his misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and EIBER, JJ., concur.

Ordered that respondent's motion for reargument is granted; and it is further,

Ordered that, upon reargument, the opinion and order of this court dated May 8, 1989, is recalled and vacated, the respondent Lawrence R. Sykes is reinstated to the Bar of the State of New York and the clerk of this court is directed to restore the name of the respondent to the roll of attorneys and counselors-at-law forthwith, nunc pro tunc as of May 8, 1989; and it is further,

Ordered that petitioner's motion to confirm the report of the Special Referee is granted to the extent that charges four through six are sustained insofar as they allege that respondent failed to maintain a duly constituted escrow account or to maintain records of the law firm's escrow account, and the motion is otherwise denied, and the cross motion to disaffirm the report of the Special Referee is granted with respect to the remainder of the report; and it is further,

Ordered that the respondent Lawrence R. Sykes is hereby censured for his professional misconduct.